# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

ORIGINAL

PITCHER, RICHARD,

     Plaintiff

        v.

RAMOS, MICHAEL JOSEPH

D'ALESSANDRO, STEVEN LEO

LYNCH, LORETTA

REED, JESSICA

MORVILLO, E. SCOTT

MAROHN, ROBERT

RIZZO, ALFRED

MAUSKOFF, ROSLYNN R.

OTHERS KNOWN AND UNKNOWN,

     Defendants

: **CV12 -3335**

: Jury Trial Demanded

: Civil Action No._____



RECEIVED
JUL 02 2012
PRO SE OFFICE

## A CIVIL LAWSUIT PURSUANT TO THE BIVENS ACT

NOW COMES Plaintiff, Richard Pitcher, a pro se litigant, who is filing the instant lawsuit against the above named Defendants. Plaintiff Pitcher is suing the Defendants, in their individual capacities, for violating his constitutional rights when they unlawfully arrested and prosecuted him in the Eastern District of New York.

FORM TO BE USED BY A PRISONER IN FILING A
CIVIL RIGHTS COMPLAINT

## UNITED STATES DISTRICT COURT
### FOR EASTERN DISTRICT OF NY

ORIGINAL

| | | |
|---|---|---|
| Richard Pitcher | : | **COMPLAINT** |
| (Enter above the full name of the plaintiff in this action) | : | |
| | : | |
| v. | : | Civil Action No. Unassigned |
| | : | (To be supplied by the Clerk of the Court) |
| Ramos, Michael Joseph | : | |
| D'Alessandro, Steven Leo | : | |
| Lynch, Loretta | : | RECEIVED |
| Reed, Jessica | : | JUL 02 2012 |
| Morvillo, E. Scott      et al | : | PRO SE OFFICE |
| (Enter above the full name of the defendant or defendants in this action) | | |
| | : | |

---

### INSTRUCTIONS -- READ CAREFULLY

1. This complaint must be legibly handwritten or typewritten, signed by the plaintiff and subscribed to under penalty of perjury as being true and correct. All questions must be answered concisely in the proper space on the form. Where more space is needed to answer any question, attach a separate sheet.

2. In accordance with Rule 8 of the Federal Rules of Civil Procedure, the complaint should contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short plain statement of the claim showing that you are entitled to relief, and (3) a demand for judgment for the relief which you seek.

3. You must provide the full name of each defendant or defendants and where they can be found.

4. You must send the original and one copy of the complaint to the Clerk of the District Court. You must also send one additional copy of the complaint for each defendant to the Clerk. Do not send the complaint directly to the defendants.

5. Upon receipt of a fee of $350.00, your complaint will be filed. You will be responsible for service of a separate summons and copy of the complaint on each defendant. See Rule 4, Federal Rule of Civil Procedure.

## FORM TO BE USED BY A PRISONER IN FILING A
## CIVIL RIGHTS COMPLAINT

6.    If you cannot prepay the $350.00 filing fee, you may request permission to proceed in forma pauperis in accordance with the procedures set forth in the application to proceed in forma pauperis. See 28 U.S.C. § 1915. **(If there is more than one plaintiff, each plaintiff must separately request permission to proceed in forma pauperis.)**

7.    If you are given permission to proceed in forma pauperis, the Clerk will prepare and issue a copy of the summons for each defendant. The copies of summonses and the copies of the complaint which you have submitted will be forwarded by the Clerk to the United States Marshal, who is responsible for service. The Marshal has USM-285 forms you must complete so that the Marshal can locate and serve each defendant. If the forms are sent to you, you must complete them in full and return the forms to the Marshal.

### QUESTIONS TO BE ANSWERED

1a.   Jurisdiction is asserted pursuant to (CHECK ONE)

    _____    42 U.S.C. § 1983 (applies to state prisoners)

    __X__    Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) and 28 U.S.C. § 1331 (applies to federal prisoners)

If you want to assert jurisdiction under different or additional statutes, list these below:

_____

1b.   Indicate whether you are a prisoner or other confined person as follows:

    _____ Pretrial detainee
    _____ Civilly-committed detainee
    _____ Immigration detainee
    _____ Convicted and sentenced state prisoner
    __X__ Convicted and sentenced federal prisoner
    _____ Other: (please explain) _____.

2.    Previously Dismissed Federal Civil Actions or Appeals

If you are proceeding in forma pauperis, list each civil action or appeal you have brought in a federal court while you were incarcerated or detained in any facility, that was dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted. Please note that a prisoner who has on three or more prior occasions, while detained in any facility, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted, will be denied in forma pauperis status unless that prisoner is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

DNJ ProSe 006 Rev 5/09

## FORM TO BE USED BY A PRISONER IN FILING A
## CIVIL RIGHTS COMPLAINT

a.    Parties to previous lawsuit:

Plaintiff(s): _____ **N/A** _____

_____

Defendant(s): _____

_____

b.    Court and docket number: _____

a.    Grounds for dismissal:  (  ) frivolous  (  ) malicious  (  ) failure to state a claim upon
                                                        which relief may be granted

d.    Approximate date of filing lawsuit: _____

e.    Approximate date of disposition: _____

If there is more than one civil action or appeal, describe the additional civil actions or appeals
using this same format on separate sheets.

3.    Place of Present Confinement? _____ FCI Fort Dix, NJ _____

4.    Parties

(In item (a) below, place your name in the first blank and place your present address in the
second blank.  Do the same for additional plaintiffs, if any.)

a. Name of plaintiff: ____ Richard Pitcher _____

Address: ___ 5756 Pointville and Hartford Road _____

_____ Fort Dix, NJ 08640 _____

Inmate #: ___ 70585-053 _____

b. First defendant -- name: ____ Ramos, Michael Joseph _____

Official position: _____ See Brief _____

Place of employment: _____

DNJ-ProSe-006-Rev 5/09

**FORM TO BE USED BY A PRISONER IN FILING A
CIVIL RIGHTS COMPLAINT**

How is this person involved in the case?
(i.e., **what are you alleging that this person did or did not do that violated your
constitutional rights?**)

See Brief

c. Second defendant -- name: Steven Leo D'Allessandro

Official position: See Brief

Place of employment:

How is this person involved in the case?
(i.e., **what are you alleging that this person did or did not do that violated your
constitutional rights?**)

See Brief

d. If there are more than two defendants, attach a separate sheet.  For each defendant
specify:  (1) name, (2) official position, (3) place of employment, and (4) involvement of the
defendant.
See Brief

5.    I previously have sought informal or formal relief from the appropriate administrative officials
regarding the acts complained of in the Statement of Claims on page 6.

_____ Yes      X  No

If your answer is "Yes," briefly describe the steps taken, including how relief was sought, from
whom you sought relief, and the results.

Not Applicable

4

**FORM TO BE USED BY A PRISONER IN FILING A
CIVIL RIGHTS COMPLAINT**

If your answer is "No," briefly explain why administrative remedies were not exhausted.

Plaintiff's Lawsuit is against Assistant United States

Attorneys and F.B.I. Agents, who adversely affected Plaintiff's

criminal investigation and trial.  Thus, administrative remedies

are inapplicable.

6.  Statement of Claims

(State here as briefly as possible the facts of your case. Describe how each defendant violated your rights, giving dates and places. If you do not specify how each defendant violated your rights and the date(s) and place of the violations, your complaint may be dismissed. Include also the names of other persons who are involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach a separate sheet if necessary.)

See Brief

DNJ-ProSe 006-Rev 5/09

**FORM TO BE USED BY A PRISONER IN FILING A
CIVIL RIGHTS COMPLAINT**

7.    Relief

(State briefly exactly what you want the Court to do for you.  Make no legal arguments.  Cite
no cases or statutes.)

See Brief

_____

_____

_____

_____

_____

_____

_____

8.    Do you request a jury or non-jury trial?  (Check only one)

( X ) Jury Trial                    (   ) Non-Jury Trial

I declare under penalty of perjury that the foregoing is true and correct.

Signed this    20th    day of    June                                  , 20 12    .

_____
Signature of plaintiff[1]

_____

[1] EACH PLAINTIFF NAMED IN THE COMPLAINT MUST SIGN THE COMPLAINT HERE.  ADD
ADDITIONAL LINES IF THERE IS MORE THAN ONE PLAINTIFF.  REMEMBER, EACH PLAINTIFF
MUST SIGN THE COMPLAINT.

DNJ-ProSe-006-Rev 5/09

## PARTIES NAMED IN LAW SUIT

|                NAME                | ADDRESS |
|------------------------------------|---------|

Plaintiff

    Richard Pitcher

Federal Correctional Institution
P.O. Box 2000
Fort Dix, NJ 08640

Defendants

    Michael Joseph Ramos

Assistant United States Attorney
Eastern District of New York
275 Cadman Plaza East
Brooklyn, NY 11201
He is being sued in his
individual capacity.

    Steven Leo D'Alessandro

Assistant United States Attorney
Eastern District of New York
275 Cadman Plaza East
Brooklyn, NY 11201
He is being sued in his
individual capacity.

    Loretta Lynch

Address is same as Defendants
Ramos and D'Alessandro
She is being sued in her
individual capacity.

    Jesicca Reed

Address is same as Defendants
Ramos and D'Alessandro.

She is being sued in her
individual capacity.

    E. Scott Morvillo

Address is same as Defendants
Ramos and D'Alessandro.
He is being sued in his
individual capacity.

    Robert Marohn

F.B.I. Agent
Federal Building
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201
He is being sued in his
individual capacity.

    Alfred Rizzo

F.B.I. Agent
Same as Defendant Marohn
He is being sued in his
individual capacity.

Roslynn R. Mauskoff    United States Attorney
Eastern District of New York
275 Cadman Plaza East
Brooklyn, NY 11201
She is being sued in her
individual capacity.

Others known and unknown  Unknown
They are being sued in their
individual capacities.

-2a-

## PROCEDURAL BACKGROUND

In 2003, Plaintiff was indicted for conspiracy to distribute a controlled substance. Thereafter, he proceeded to a jury trial, but was found guilty on June 10, 2005. Then, on April 12, 2006, the District Court sentenced Petitioner to a ten year prison term followed by five years of supervised release. Subsequently, Plaintiff appealed his conviction, but lost; then his writ of Certiorari to the Supreme Court was denied. Thereafter, Plaintiff filed a § 2255, but this too was denied, then he filed a COA which was denied.

Despite having failed on his appeals, Plaintiff's instant complaint is based on his contention that there was not an authentic arrest warrant to apprehend him in 2003.

On several occasions, Plaintiff has asked for a copy of his original executed arrest warrant, but has not prevailed. Plaintiff has written letters to the District Court (Exhibit A), filed a motion in the District Court (Exhibit B), filed a request to the United States Department of Justice under the Freedom of Information Act (Exhibit C) and writ of Mandamus to the U.S. Court of Appeals for The Second Circuit (Exhibit D).

Considering Plaintiff has not received a copy of his original executed arrest warrant, he firmly believes one does not exist. Therefore, he is filing the instant civil lawsuit.

-3-

## JURISDICTION

This Court has jurisdiction over Plaintiff's federal civil rights claims pursuant to Title 28 U.S.C. § 1331 and 1343(a)(3). Section 1331 covers all federal constitutional and statutory claims; where as, § 1343(a)(3) covers only federal constitutional claims.

Considering that Plaintiff's Fourth and Fifth Amendment rights were violated, this Court has subject matter jurisdiction over his claim. The Second Circuit Appellate Court, in **Polanco v. United States**, 158 F.3d 647, 651 (10-15-98), held:

> Subject matter jurisdiction over this claim is found in 28 U.S.C. § 1331, the general federal question statute, because the complaint alleges a violation of Appellant's Fifth Amendment right to Due Process of Law.

In the instant case, Plaintiff has cited federal questions in regard to his constitutional rights having been violated.

This court also has jurisdiction under 28 U.S.C. § 1332; Plaintiff lives in New Jersey and most defendants in New York. Title 28 U.S.C. § 1332(a) states:

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between:

(1)  Citizens of different States;
(2)  citizens of a State and citizens or subjects of a foreign state;
(3)  citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
(4)  a foreign state, defined in section 1603(a) of this Title 28 USCS § 1603(a), as plaintiff and citizens of a State or of different States.

For the purpose of this 28 USCS § 1335, and 28 USCS § 1441, an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled."

-4-

## VENUE

This Court is an appropriate venue under Title 28 U.S.C. §
1391(b)(2) because a substantial part of the events giving rise to
the claims herein occurred in this district.   Section 1391(b)(2)
states:

> A civil action wherein jurisdiction is not founded soley
> on diversity of citizenship may, except as otherwise
> provided by law, be brought only in (1) a judicial district
> where any defendant resides, if all defendants reside in
> the same State (2) a judicial district in which a
> substantial part of the events or omissions giving rise to
> the claim occurred, or a substantial part of property that
> is the subject of the action is situated, or (3) a judicial
> district in which any defendant may be found, if there is
> no district in which the action may otehwise be brought.

In **Gonzalez v. Hasty**, 2011 U.S. App. Lexis 12065 (2nd Cir.
6-21-11), the court held:

> In a Bivens action, venue is governed by 28 U.S.C. § 1391(b),
> which provides that where **jurisdiction** is not founded on
> diversity of citizenship, a civil action may be brought
> only in "a judicial district in which a substantial part
> of the events or omissions giving rise to the claim occurred."

Considering all the events that support Plaintiff's civil rights
lawsuit occurred in the Eastern District of New York, Plaintiff has
standing to file his lawsuit in this Court under the **Bivens** act:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory
> or the District of Columbia, subjects, or causes to be
> subjected, any citizen of the United States or other
> person within the jurisdiction thereof to the deprivation
> of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured
> in an action at law, suit in equity, or other proper
> proceeding for redress.

## BACKGROUND TO THE ARGUMENT

The unequivocal facts, supported by the record, established that law enforcement initiated an investigation of individuals of which no one was named Richard Pitcher, the Plaintiff in the instant lawsuit.

This investigation included the government seeking and obtaining authorization to intercept wire communication.

An alleged conversation transpired, which entailed Plaintiff meeting with another person to provide him with an amount of money, and the purpose, intent or reason was never established by those intercepting the conversation, but they assumed criminal activity.

Armed with nothing more, on November 25th, 2003, agents Robert Marohn and Alfred Rizzo, et al, made contact with Plaintiff as he was about to enter a vehicle and placed him under arrest. Plaintiff was deemed arrested at this point as is evidenced by **California v. Hodari**, 113 L.Ed 2d 690, 499 U.S. 621 (1991) to constitute a seizure of the person, just as to constitute an arrest the quintessential "seizure of the person" under Fourth Amendment jurisprudence-there must be either the application of physical force, however slight, or, where that is absent, submission to an officer's show of authority to restrain the subject's liberty. [A] person has been 'seized' within the meaning of the Fourth Amendment only if in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.

Because a defendant's submission to an officer's show of authority constitutes an arrest, and Plaintiff did in fact submit to the officers show of authority in this case, it is undisputed that

Plaitiff was placed under arrest immediately upon the officers making contact with him.

At issue here is the lack of probable cause for that arrest, which further highlighted the government's uncertainties by the statement of the United States Attorney:

> "We're trying to establish to the court's satisfaction probable cause that the vehicle that was searched was 'likely' to contain evidence of a crime". [1]

The arresting officer further stated that the only "specific" evidence against Plaintiff Pitcher was that he "may" have money.

Plaintiff asserts that possession of money is not a crime. At this point, no mention was ever made of Plaintiff's alleged involvement with drug trafficking. The record is absolutely barren as to any illegal activity as it relates to Plaintiff Pitcher. Clearly, no probable cause existed in which to arrest Plaintiff and the fact that subsequent to his arrest contraband was discovered is insufficient. An arrest is not justified by what the subsequent search discloses. **Johson v. United States**, 333 U.S. 10 (1971).

Plaintiff sets forth that the simple act of meeting with another to give him money, without "specifically" stating whether the money is illegally being given, is not a criminal act. Probable cause is when an officer can be justified believing that an actual crime was being committed.

Before a warrant for either arrest or search can be issued, a judicial officer issuing such a warrant must be provided with an affidavit that has sufficient information to support an independent judgment that probable cause exists.

---

[1] Extracted from Plaintiff's suppression hearing

-7-

The only recorded information related to Plaintiff Pitcher is meeting with another to give him money and a phone conversation which bears no fruit of any illegal activity.  Any further assertions in an affidavit would be misleading or assumptions or suspicions.

## WHETHER DEFENDANTS VIOLATED PLAINTIFF'S RIGHT
## TO THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION

Considering law enforcement agents arrested Plaintiff without a warrant, they violated his Fourth Amendment right and, as a result, they must be held liable, under a **Bivens** lawsuit.  .

A **Bivens** action is a judicially-created remedy designed to provide individuals with a cause of action against federal officials who have violated their constiutional rights.  **Ellis v. Blum,** 643 F.2d 68, 84 (2d Cir. 1981).  "**Bivens** established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right."  **Carleson v. Greeen,** 446 U.S. 14, 18, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980).  The only remedy available in a **Bivens** action is an award for monetary damages from defendants in their individual capacities.  See **Polanco v. United States DEA,** 158 F.3d 647, 652 (2d Cir. 1998).

Because the arresting officers apprehended Plaintiff Pitcher without an arrest warrant, they were not acting in their official capacity, they lacked authority to arrest Plaintiff. The Government employees exceeded their authority, they violated Plaintiff's right to the Fourth Amendment of the United States Constitution:

-8-

> The right of the people to be secure in their
> persons, houses, papers, and effects, against
> unreasonable searches and seizures, shall not
> be violated, and no Warrants shall issue, but
> upon probable cause, supported by oath or
> affirmation, and particularly describing the
> place to be searched, and the persons or things
> to be seized.

Considering the Defendants violated Plaintiff's Fourth Amendment right, they are precluded from invoking immunity, qualified or otherwise.

Qualified immunity shields government officials from civil suits for damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." **Harlow v. Fitzgerald**, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), the Supreme Court explained:

> In determining whether a particular right was clearly established
> at the time defendants acted, this Court has considered three
> factors:  (1)  whether the right in question was defined with
> "reasonable specificity"; (2)  whether the decisional law of
> the Supreme Court and the applicable circuit court support the
> existence of the right in question; and (3)  whether under
> preexisting law a reasonable defendant official would have
> understood that his or her acts were unlawful. **Jermosen v. Smith**,
> 945 F.2d 547, 550 (2d Cir. 1991).  As the third part of the test
> provides, even where the law is "clearly established" and the
> scope of an official's permissible conduct is "clearly defined,"

> the qualified immunity defense also protects an official if
> it was "objectively reasonable" for him at the time of the
> challenged action to believe his acts were (505 F.3d 170)
> lawful. **Anderson v. Creighton**,  483 U.S. 635, 641, 107 S.Ct.
> 3034, 97 L.Ed.2d 523 (1987) (explaining **Harlow**, 457 U.S. at
> 800); see also **Robison v. Via**, 821 F.2d 913, 920-21 (2d Cir.
> 1987).

-9-

In the instant case, the three factors cited in the **Harlow** Court can not be invoked. The defendants, who are law enforcement agents, must have known they were violating Plaintiff's Fourth Amendment right when they arrested him without a warrant. Any reasonable trier of fact would easily deem the Defendants' acts were unlawful. All the Defendants are equally responsible. The two F.B.I. agents, Marohn and Rizzo, apprehended the Plaintiff without an arrest warrant and lacked probable cause. The Assistant United States Attorneys (Ramos, D'Alessandro, Lynch, Reed, and Morville) are responsible for prosecuting Plaintiff without an original, authentic arrest warrant.

Since being arrested, Plaintiff has dilegently sought a copy of the original executed arrest warrant, but has not prevailed. His pursuit of said warrant includes, but not limited to: asked Attorney Lombardino who represented him in his criminal case, has written FOIA request (Exhibit A), has written to Trinidad Consulate's Office (Exhibit B), has written to Eric T. Scheiderman at the U.S. Attorney's Office in Brooklyn, NY (Exhibit C), has written to the U.S. Marshal (Exhibit D), and has written letters to the Trial Court, then motioned same court, then filed a writ of Mandamus with the Appeals Court (Exhibit E).

-10-

## WHETHER DEFENDANTS VIOLATED PLAINTIFF'S RIGHT
## TO THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION

Considering the Government obtained an indictment without probable cause and without an authentic arrest warrant, the Defendants violated Plaintiff's Fifth Amendment right; and, as a result, they must be held accountable under a **Bivens** lawsuit.  The Fifth Amendment Indictment Clause instructs that no person shall be held liable to answer for a capital, or otherwise infamous crime, unless on presentment or indictment of a Grand Jury.  A Grand Jury indictment creates a presumption of probable cause.

Plaintiff supports his assertion that the Government lacked probable cause by his diligent relentless efforts to secure a copy of his original executed warrant.  See Exhibits A through E.  Probable cause is both substantive and procedural.

Probable cause is a "complete defense" to a cause of action for a **Bivens** claim.  **Savino v. City of New York**, 331 F.3d 63, 72 (2d Cir. 2663).  Probable cause constitutes "such facts and circumstances as would lead a reasonably prudent person to believe the Defendants guilty." **Boyd v. City of New York**, 336 F.3d 72, 76 (2d Cir. 2003). If a grand jury returned an indictment for the charges made the subject of litigation, the court will presume the existence of probable cause. **Savino**, 331 F.3d at, 72.  Here, because Plaintiff was indicted by a federal grand jury, the burden of proof shifts to Plaintiff to respond with specific evidence that, taken in the light most favorable to him, rebuts the presumption of probable cause for his arrest and prosecution. A plaintiff can rebut this presumption by presenting evidence sufficient for a reasonable jury to find "that the indictment was procured by

-11-

police conduct undertaken in bad faith." **McClellan v. Smith,** 439 F.3d 137, 145 (2d Cir. 2006). See Exhibits A through E.

To succeed on his substantive due process theory, Plaintiff has demonstrated that the challenged action was "arbitrary, conscience-shocking, or oppressive in a constitutional sense," rather than merely "incorrect or ill-advised." **Kaluczky v. City of White Plains,** 57 F.3d 202, 211 (2d Cir. 1995). "While the measure of what is conscience-shocking is no calibrated yard stick, it does, as Judge Friendly put it, 'poin[t] the way.'" **County of Sacramento v. Lewis,** 523 U.S. 833, 847, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998). Plaintiff's indictment without probable cause is conscience-shocking.

Procedural due process violations involve the adequacy of government procedures that "effect[] the deprivation of liberty or property ... in light of the affected interest." **Pittsley v. Warish,** 927 F.2d 3, 6 (1st Cir. 1991). In contrast, substantive due process "imposes limits" on government action "regardless of what procedural protection is provided." Id. (citing **Monroe v. Pape,** 365 U.S. 167, 171-72 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); **Rockin v. California,** 342 U.S. 165, 169, 72 S.Ct. 205, 96 L.Ed. 183 (1952)).

All the named Defendants are equally responsible for violating Plaintiff's Fifth Amendment. Plaintiff Pitcher lost his liberty for nearly 9 years when the Defendants arrested and prosecuted him without a warrant and without probable cause.

-12-

## CONCLUSION

Wherefore, in consideration of the foregoing arguments, Plaintiff Richard Pitcher asks this Court to hold a jury trial.  Alternatively, Plaintiff asks this Court to hold the Defendants liable, then grant a monetary settlement to him as follows:

Compensatory Damages
    $50,000 per year for 9 years             $450,000

Punitive Damages
    Treble The Compensatory Damages    $1,350,000

Nominal Damages                      200,000

                                  $2,000,000

Respectfully submitted,

Dated: June 15, 2012        Richard Pitcher, pro se
Reg. No. 70585-053
Federal Correctional Institution
P.O. Box 2000
Fort Dix, NJ 08640

## CERTIFICATE

I hereby certify, under penalty of perjury under the laws of the United States of America, Title 28 U.S.C. § 1746, that the foregoing Motion or Petition, including any attachments, exhibits, and/or In Forma Pauperis, are true and correct to the best of my knowledge.

## CERTIFICATE OF SERVICE

I hereby certify, under penalty of perjury under the laws of the United States of America, Title 28 U.S.C. § 1746, that true and correct copies of the foregoing Motion or Petition, including any attachments, exhibits and/or In Forma Pauperis, were inserted in an envelope, first class postage affixed, addressed to the parties below and given to prison officials pursuant to the United States Supreme Court ruling in Houston v. Lack, 101 L.Ed. 2d 245 (1988).

Clerk of Court
Eastern District of New York
Theodore Roosevelt U.S. Courthouse
225 Cadman Plaza East, Room 1185
Brooklyn, NY 11201-1818

Richard Pitcher, pro se
Reg. No.70585-053
Federal Correctional Institution
P.O. Box 2000
Fort Dix, NJ 08640

Executed and mailed on this 15th day of June, 2012.

February 13, 2012

Richard Pitcher
Reg. No. 70585-053
Federal Correctional Institution
P.O. Box 2000
Fort Dix, NJ 08640

Department of Jostice
Executive Office for United States Attorneys
Freedom of Information & Privacy Staff
600 E. Street, N.W., Suite 7300
Bicentennial Building
Washington, DC 20530-0001

RE:   FOIA/PA
      Request No. 11-4215

Dear Sir/Madam:

I am inquiring on the status of my Freedom of Information request for a copy of my original returned signed arrest warrant.

Considering that more than two (2) months have lapsed since I submitted my request, I am compelled to ask on its status. A copy of your notice is enclosed; please note the date stamp of December 13, 2011. Your notice acknowledges receipt of my FOIA/PA request and states that EOUSA makes every effort to process most requests within a month (i.e. 20 working days).

An expeditious response to my FOIA inquiry will be received with genuine gratefulnness.

Very truly yours,

Richard Pitcher, pro se

February 27, 2012        Richard Pitcher
                       Reg. No. 70585-053
                       Federal Correctional Institution
                       P.O. Box 2000
                       Fort Dix, NJ 08640


U.S. Department of Justice
Executive Office For United States Attorneys
Suite 7300, Bicentennial Building
600 E. Street, N.W.
Washinton, D.C. 20530


                    RE:   FOIA
                            Request Number: 11-4215


Dear Ms. Gerson:

    I am responding to your February 16, 2012 letter in which you
provided me with a few options on how I may continue to pursue my
request.

    As indicated on the attached "Choose One" form I am only asking
for you to retrieve one document, a copy of my original returned
signed arrest warrant. See copy of FOIA request. This document
is most likely no more than two (2) pages. Therefore, I am asking
you to continue your search until you find my requested document,
then mail same to me. If there is a fee, please bill me and I will
respond with full payment.

    An expeditious response to my FOIA request will be received
with genuine gratefulness.


                    Very truly yours,


                    Richard Pitcher, pro se

EXHIBIT - A - 3

**United States Department of Justice**

Executive Office for United States Attorneys

| Freedom of Information and Privacy Staff | *Suite 7300, Bicentennial Building* | *(202) 252-6020* |
|---|---|---|
| | *600 E Street, N.W.* | *FAX (202) 252-6047* |
| | *Washington, DC 20530* | |

Request Number: 11-4215

Requester: Richard Pitcher

FEB 1 6 2012

Dear Mr. Pitcher:

We are currently searching for documents responsive to your FOIA/PA request, and we have reached the two hours of search time provided to you at no charge. Department of Justice Regulations, specifically 28 CFR 16.11(i), provide that our office may collect an advance payment **before we continue processing your requests** if we estimate fees will exceed $250.00. We estimate that an additional twenty-one hours will be required to complete the search for the records you requested. Our normal fee for search time is $28 per hour, thus resulting in a fee for search time of $588.00. The Eastern District of New York has informed us that they have twenty-one unindexed boxes of documents from this multi-defendant case that are potentially responsive to your request. We do not know at this time, prior to a complete search, how many responsive pages would be found. Please note that we charge $0.10 per page for duplication of documents that are released to you after the first 100 pages, which are free.

Accordingly, an advance payment of $588.00 in the form of a check or money order, payable to the Treasury of the United States, must be received by this office before we will continue processing your request. **Please indicate on the face of the check the above request number and mail it to the above address.**

If you wish to reduce your fees, you may reformulate your request by limiting the documents to a specific category or categories. Or, if you specify that you will only pay up to a certain amount, we will process your case up to that amount. Finally, keeping in mind that the first two hours were free, you may direct that we terminate your search.

**Per 28 C.F.R. 16.11(i), your request is not considered received until we receive a response from you. Please respond within 30 days of the date of this letter, or this matter will be closed.** If you wish, you may use the attached form to indicate your wishes. If you have any questions, please call Attorney Advisor Sean J. Vanek at 202-252-6027.

Sincerely,

Susan B. Gerson
Acting Assistant Director

Note: You may appeal this response by writing to the Office of Information Policy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington D.C. 20530-0001. Your letter must be received by that office within 60 days of the date of this letter.

Requester: Richard Pitcher          Request Number: 11-4215

## CHOOSE ONE

___Please do not search any longer.  **I understand that I am entitled to the first 100 pages free.** If you have found releasable documents, send me the free documents and close my case.

___Please do not search any longer.  I wish to withdraw my request.

___I am enclosing $588.00 for the search fee indicated above.  **I understand that this payment is required even if no documents are located or released to me.**  In the event that documents are located and released to me, I understand that I may be charged duplication fees in addition to search fees.

✓ I wish to reformulate my request in an attempt to reduce search fees.  Please limit my request to the following documents, and notify me of any revised search fee amount:  _____

 I am only asking for one document, a copy of my original returned

 signed arrest warrant.  See copy of FOIA request.  This document is

 most likely no more than two (2) pages.  If there is a fee, please

 bill me and I will respond with full payment.  _____

(Please note that a search for specific records may require more search time and fees).

___I agree to pay up to the following amount for search time. _____

**I understand that this payment is required even if no documents are located or released to me.**  In the event that documents are located and released to me, I understand that I may be charged duplication fees in addition to search fees.

x _Richard Pitcher_____          _____
Name                                          Date

Please return to:

EOUSA
FOIA/PA
600 E. Street, N.W., Room 7300
Washington D.C., 20530

Room 7100
Washington, D.C.  20530

SUBJECT: FREEDOM OF INFORMATION AND PRIVACY ACT REQUEST.

Gentlemen,

      Pursuant to the Freedom of Information Act (5 U.S.C. § 552) and the Privacy Act

(5 U.S.C. § 552(a)), I hereby request information below in your system of records dealing with

myself.  `All my information is not being requested.  I am only asking for a copy of my original returned signed arrest warrant.`

      I provide the following information which may be used in your efforts to locate these files and

records:

1.    My full legal name, under which I was convicted is:

       `Richard Pitcher`              ;

2.    Records of files might be held by your agency under the following aliases or nicknames:

       `NOT APPLICABLE`            ;

3.    My Social Security Number is: `I do not have a SSN`  ;

4.    My Federal Register Number is: `70585-053`     ;

5.    My sentencing was in the District Court in:

   `Eastern District of New York, Brooklyn, NY`   ; and

6.    The case number is: `1:03-cr-01368-ARR-17`    ;

     I further request:   `NOT APPLICABLE`

A.    For the information which is in your files, but which you choose to withhold or censor,
That the index required by **Vaughn v. Rosen 523 F.2d 1136 (D.C. Cir. 1975)**
Be supplied; and

B.    That you provide the requested documents to me within the limits of time allowed by law.

    In accordance with **28 CFR § 16.41**, I have attached a signed, notarized Certification
of identity for your records.

February 27, 2012

Richard Pitcher
Reg. No. 70585-053
Federal Correctional Institution
P.O. Box 2000
Fort Dix, NJ 08640

Trinidad & Tobago
Ambassador & Consulate's Office
1708 Massachusetts Avenue, N.W.
Washington, D.C. 20036

RE: Securing Evidence

Dear Sir/Madam:

Considering that I am a Trinidad citizen who is temporary in
the United States, I am asking you to intervene with a crucial issue,
i.e. to secure a copy of my original and executed arrest warrant.

After being convicted of a controlled substance crime, I have
been in Federal custody for a few years. Now I am preparing a post
conviction motion for which I need a copy of my original and executed
arrest warrant. I have written letters to the Court and submitted
a Freedom of Information Act request to U.S. Department of Justice.
See enclosed copies. When I did not prevail, I filed a motion with
the District Court, but the Court failed to respond. Now I am filing
a Writ of Mandamus with the Appeals Court.

Considering my avenues to obtain a copy of my warrant are nearly
exhausted, I am compelled to ask for assistance from you and/or your
staff. The Court's address is on my letter, their phone number is
(718) 260-2300 and their fax number is (718) 260-2299.

Your assistance with securing a copy of my original and executed
arrest warrant will be very much appreciated.

Very truly yours,

x _Richard Pitcher_____

Richard Pitcher, pro se

February 13, 2012                    Richard Pitcher
                                     Reg. No. 70585-053
                                     Federal Correctional Institution
                                     P.O. Box 2000
                                     Fort Dix, NJ 08640


United States Attorney's Office
Eastern District of New York
Eric T. Scheiderman, U.S. Attorney
271 Cadman Plaza East
Brooklyn, NY 11201


                          RE:  United States of America v. Richard Pitcher
                               Eastern District of New York
                               Case No. 03-CR-1368


Dear Attorney Scheiderman:

     This letter shall serve as a formal request for a copy of any
executed arrest warrant, signed by a United States District Judge,
in which any United States Marshal declared, under oath, he or she
executed an arrest warrant against **RICHARD PITCHER**, in the State
of New York and or the State of New Jersey.  This warrant was issued
from the United States District Court for the above captioned case.

     I, **RICHARD PITCHER**, hereby declare, under the provisions of
Title 28 of the United States Code, Section 1746, that the above
requested information will be used for only lawful purposes, this
13th day of February, two thousand twelve.

     I would appreciate your prompt attention to this matter at
your earliest convenience.  Thank you for your time.


                          Respectfully presented,


                          x _____
                          Richard Pitcher

February 13, 2012

Richard Pitcher
Reg. No. 70585-053
Federal Correctional Institution
P.O. Box 2000
Fort Dix, NJ 08640

United States Marshal
District of New Jersey
P.O. Box 186
Newark, NJ 07101-0186

RE:  United States of America v. Richard Pitcher
Eastern District of New York
Case No. 03-CR-1368

Dear Marshal:

This letter shall serve as a formal request for a copy of any executed arrest warrant, signed by a United States District Judge, in which any United States Marshal declared, under oath, he or she executed an arrest warrant against **RICHARD PITCHER**, in the State of New York and or the State of New Jersey.  This warrant was issued from the United States District Court for the above captioned case.

I, **RICHARD PITCHER**, hereby declare, under the provisions of Title 28 of the United States Code, Section 1746, that the above requested information will be used for only lawful purposes, this 13th day of February, two thousand twelve.

I would appreciate your prompt attention to this matter at your earliest convenience.  Thank you for your time.

Respectfully presented,

Richard Pitcher

EXHIBIT - D - 2

February 13, 2012                    Richard Pitcher
                                     Reg. No. 70585-053
                                     Federal Correctional Institution
                                     P.O. Box 2000
                                     Fort Dix, NJ 08640


United States Marshal
Eastern District of New York
225 Cadman Plaza East, Room 172
Brooklyn, NY 11201


                            RE:  United States of America v. Richard Pitcher
                                 Eastern District of New York
                                 Case No. 03-CR-1368


Dear Marshal:

     This letter shall serve as a formal request for a copy of any
executed arrest warrant, signed by a United States District Judge,
in which any United States Marshal declared, under oath, he or she
executed an arrest warrant against **RICHARD PITCHER**, in the State
of New York and or the State of New Jersey.  This warrant was issued
from the United States District Court for the above captioned case.

     I, **RICHARD PITCHER**, hereby declare, under the provisions of
Title 28 of the United States Code, Section 1746, that the above
requested information will be used for only lawful purposes, this
13th day of February, two thousand twelve.

     I would appreciate your prompt attention to this matter at
your earliest convenience.  Thank you for your time.


                              Respectfully presented,


                              Richard Pitcher

EXHIBIT - D - 3

February 13, 2012                     Richard Pitcher
                                      Reg. No. 70585-053
                                      Federal Correctional Institution
                                      P.O. Box 2000
                                      Fort Dix, NJ 08640


United States Marshals Service
1750 Crystal Dr.
Arlington, VA 22202


                              RE:  United States of America v. Richard Pitcher
                                   Eastern District of New York
                                   Case No. 03-CR-1368


Dear Marshal:

        This letter shall serve as a formal request for a copy of any
executed arrest warrant, signed by a United States District Judge,
in which any United States Marshal declared, under oath, he or she
executed an arrest warrant against **RICHARD PITCHER**, in the State
of New York and or the State of New Jersey.  This warrant was issued
from the United States District Court for the above captioned case.

        I, **RICHARD PITCHER**, hereby declare, under the provisions of
Title 28 of the United States Code, Section 1746, that the above
requested information will be used for only lawful purposes, this
13th day of February, two thousand twelve.

        I would appreciate your prompt attention to this matter at
your earliest convenience.  Thank you for your time.


                              Respectfully presented,


                              x _____
                              Richard Pitcher

**EXHIBIT - E - 1**

February 2, 2012                    Richard Pitcher, pro se
                                    Reg. No. 70585-053
                                    Federal Correctional Institution
                                    P.O. Box 2000
                                    Fort Dix, NJ 08640


Clerk of Court
United States Court of Appeals
For The Second Circuit
1802 U.S. Courthouse
40 Centre Street
New York, NY 10007-1502


                         RE:  In RE: Richard Pitcher
                              Case No. 03-CR-1368


Dear Clerk:

        I have enclosed two (2) copies of my Writ of Mandamus.  Upon
receipt of said document, please docket the same, then distribute
my Writ of Mandamus to the appropriate parties.

        Your assistance and cooperation is very much appreciated.


                              Very truly yours,


                              x ~Richard Pitcher~
                              Richard Pitcher, pro se


cc: United States Attorney, Eastern District of New York.

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

In RE:  Richard Pitcher,            :
      Petitioner                    :      Case No. 03-CR-1368

### A WRIT OF MANDAMUS

NOW COMES Petitioner Richard Pitcher, a pro se litigant, who
is asking this Court to grant him a Writ of Mandamus.  Then order
the United States District Court for the Eastern District of New
York to rule on his Motion for Discovery.

### PROCEDURAL BACKGROUND

In 2003, Petitioner was indicted for conspiracy to distribute
a controlled substance.  Thereafter, he proceeded to a jury trial,
but was found guilty on June 10, 2005.  Then, on April 12, 2006,
the District Court sentenced Petitioner to a ten year prison term
followed by five years of supervised release.  Subsequently, Petitioner
appealed his conviction, but lost; then his writ of Certiorari to
the Supreme Court was denied.  Thereafter, Petitioner filed a § 2255,
but this too was denied, then he filed a COA which was denied.

Petitioner is now preparing another petition for relief.  Before
completing this petition, he needs a copy of his original arrest
warrant and executed warrant.  To secure this discovery, he wrote
two (2) letters to the District Court (Exhibit A), filed a motion

in the District Court, and filed a Freedom of Information request

(Exhibit C). As of the date of this instant writ, all his efforts

have been futile. Therefore, he is now filing the instant Writ of

Mandamus.

## LAW AND ARGUMENT

This Court has jurisdiction, to hear Petitioner's Writ, pursuant

to 28 U.S.C. § 1651(a) which states:

> The Supreme Court and all Courts established by
> Act of Congress may issue all writs necessary or
> appropriate in aid of their respective jurisdictions
> and agreeable to the usages and principles of law.

Petitioner Pitcher is asking this Court to issue a directive to

the District Court to rule on his discovery motion in which he requested

necessary evidence to support a petition he will be filing.

The Second Circuit has ruled on Writs of Manamus where there is

a discovery issue, such as the one in this instant writ. In **United

States v. Coppa** (In RE United States), 267 F.3d 132, 137-38 (5/3/01),

the Court held:

> We will entertain a petition for a Writ of Mandamus,
> which is an extraordinary remedy, to cure a
> discovery order if the Petitioner demonstrates (1) the
> presence of a legal issue whose resolution will aid in
> the administration of justice, (2) the inadequacy of other
> remedies, (3) the presence of a novel and significant
> question of law.

Considering Petitioner's quest for evidence (i.e. a copy of his

arrest warrant) will resolve a legal issue, his request is a question

of law. Petitioner recognizes that his Writ of Mandamus is an

extraordinary remedy, but when his previous requests for discovery

-2-

have not prevailed, his only alternative is to petition this Court. Petitioner has written letters (Exhibit A), Filed a motion in the lower Court (Exhibit B), filed a freedom of Information Request (Exhibit C), and contacted his trial cousel, but these avenues have been futile.  Consequently, Petitioner is now compelled to ask this Court to intervene, otherwise a wrong may never be corrected.  **United States v. Morgan**, 98 L.Ed. 248 (1954) (post conviction petitions, with merit, must be answered, otherwise an injustice may never be rectified).  **Cuomo v. Clearing House**, 174 L.Ed.2d 464 (2009) (search warrant must be based on probable cause and available pursuant to a recovery request).

CONCLUSION

Wherefore, in consideration of the foregoing argument, Petitioner Richard Pitcher asks this Court to grant the instant Writ of Mandamus, then issue a directive to the United States District Court for the Eastern District of New York to rule on his discovery motion.

Respectfully submitted,

X

Richard Pitcher, pro se
Reg. No. 70585-053
Federal Correctional Institution
P.O. Box 2000
Fort Dix, NJ 08640

Dated: February 2, 2012

-3-

EXHIBIT - E - 5

CERTIFICATE

I hereby certify, under penalty of perjury under the laws of the
United States of America, Title 28 U.S.C. § 1746, that the foregoing
Motion or Petition, including any attachments, exhibits and In Forma
Pauperis, are true and correct to the best of my knowledge.


CERTIFICATE OF SERVICE

I hereby certify, under penalty of perjury under the laws of the
United States of America, Title 28 U.S.C. § 1746, that true and correct
copies of the foregoing Motion or Petition, including any attachments,
exhibits and In Forma Pauperis, were inserted in an envelope, first
class postage affixed, addressed to the parties below and placed in
a mail depository within FCI Fort Dix in accordance with 28 C.F.R.
§ 540.11.

x Richard Pitcher

Clerk of Court                          Richard Pitcher
United States Court of Appeals          Reg. No. 70585-053
For The Second Circuit                  Federal Correctional Institution
1802  U.S. Courthouse                   P.O. Box 2000
40 Centre Street                        Fort Dix, NJ 08640
New York, NY 10007-1502


U.S. Attorney's Office
Eastern District of NY
275 Cadman Plaza East
Brooklyn, NY 11201


Executed and mailed on this __2nd__ day of January, 2012.

October 19, 2011

Richard Pitcher
Reg No. 70585-053
Federal Correctional Institution
P.O. Box 2000
Fort Dix, NJ 08640

Clerk of Court
United States District Court
Eastern District of New York
225 Cadman Plaza E.
Brooklyn, New York  11201

RE: U.S. v. Pitcher
    Case No. 03-CR-1368

Dear Clerk;

    I am asking for a copy of my original arrest warrant for my above captioned case.

    Considering that I am a pro se litigant who is preparing a post conviction motion and that I am unable to secure my arrest warrant from any other source, I am asking this Court to mail me, at the above address, a copy of my original arrest warrant.

    Your assistance is very much appreciated.

                              Very truly yours,

                              Richard Pitcher

**EXHIBIT E-7**

November 9, 2011

Richard Pitcher
Reg No. 70585-053
Federal Correctional Institution
P.O. Box 2000
Fort Dix, NJ 08640

Clerk of Court
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

RE:  U.S.A. v. Pitcher
     Case No. 03-CR-1368

Dear Clerk;

    Please forward me, at the above address, a copy of my returned arrest warrant for my above captioned case.  My warrant was signed by United States District Magistrate Judge Joan M. Azrack in or about December 2003.

    Considering that I am a pro se litigant who is preparing a post conviction petition and that I am unable to secure my returned arrest warrant, I am without any sources, other than this Court, from which I can obtain my returned arrest warrant.

    Your assistance is very much appreciated.

                         Very truly yours,

                         Richard Pitcher

December 2, 2011.                          Richard Pitcher
                                          Reg. No. 70585-053
                                          Federal Correctional Inst.
                                          P.O. Box 2000
                                          Fort Dix, New Jersey 08640

Clerk of Court
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

                          RE: U.S.A. v. Pitcher
                              Case No. 03-CR-1368

Dear Clerk:

    I am enclosing two (2) copies of my Motion for Discovery.

Upon receipt of said motion, please docket same, then distribute

my motion to the appropriate parties.

    Your assistance is very much appreciated.

                                   Very Truly Yours,

                                   Richard Pitcher, pro se
                                   Reg. No. 70585-053
                                   Federal Correctional Inst.
                                   P.O. Box 2000
                                   Fort Dix, New Jersey 08640


cc: United States Attorney

EXHIBIT E-9

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

United States of America,    :
       Plaintiff          :

       v.               :       Case No. 03-CR-1368

Richard Pitcher,          :
       Defendant         :

### A MOTION FOR DISCOVERY

Now comes Defendant Richard Pitcher, a pro se litigant, who is respectfully asking this Court to provide him with a copy of his original arrest warrant and a copy of his executed warrant signed by Magistrate Judge Joan M. Azrack in or about December 2003.

Defendant has twice previously written a letter to this Court's clerk asking for his warrant, but has failed to prevail.  Therefore, Defendant is now motioning this Court, asking for said documents.

Considering Defendant is preparing a postconviction petition, he needs a copy of his warrant to support an issue he is raising in his petition.

Respectfully Submitted,

Richard Pitcher
Reg. No. 70585-053
Federal Correctional Inst.
P.O. Box 2000
Ft. Dix, NJ 08640

Dated: December 2, 2011

## CERTIFICATE

I hereby certify, under penalty of perjury under the laws of the United States of America, Title 28 U.S.C. § 1746, that the foregoing Motion or Petition, including any attachments, exhibits and In Forma Pauperis, are true and correct to the best of my knowledge.

## CERTIFICATE OF SERVICE

I hereby certify, under penalty of perjury under the laws of the United States of America, Title 28 U.S.C. § 1746, that true and correct copies of the foregoing Motion or Petition, including any attachments, exhibits and In Forma Pauperis, were inserted in an envelope, first class postage affixed, addressed to the parties below and placed in a mail depository within FCI Fort Dix in accordance with 28 C.F.R. § 540.11.

U.S. Attorney's Office
Eastern District of NY
275 Cadman Plaza East
Brooklyn, NY 11201

Clerk of Court
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Richard Pitcher, pro
Reg No. 70585-053
Federal Correctional Institution
P.O. Box 2000
Fort Dix, NJ 08640

Executed and mailed on this __2nd__ day of  December 2011

United States Department of Justice
FOIA/PA Unit
600 E Street, North West
Room 7100
Washington, D.C. 20530

SUBJECT: FREEDOM OF INFORMATION AND PRIVACY ACT REQUEST.

Gentlemen,

      Pursuant to the Freedom of Information Act (5 U.S.C. § 552) and the Privacy Act

(5 U.S.C. § 552(a)), I hereby request information below in your system of records dealing with

myself.   All my information is not being requested.  I am only asking for a copy of my original returned signed arrest warrant.

      I provide the following information which may be used in your efforts to locate these files and

records:

1.    My full legal name, under which I was convicted is:

        Richard Pitcher             ;

2.    Records of files might be held by your agency under the following aliases or nicknames:

        NOT APPLICABLE             ;

3.    My Social Security Number is:  I do not have a SSN  ;

4.    My Federal Register Number is:  70585-053     ;

5.    My sentencing was in the District Court in:

    Eastern District of New York, Brooklyn, NY    ; and

6.    The case number is:  1:03-cr-01368-ARR-17    ;

      I further request:  NOT APPLICABLE

A.    For the information which is in your files, but which you choose to withhold or censor,
That the index required by **Vaughn v. Rosen 523 F.2d 1136 (D.C. Cir. 1975)**
Be supplied; and

B.    That you provide the requested documents to me within the limits of time allowed by law.

    In accordance with 28 CFR § 16.41, I have attached a signed, notarized Certification
of identity for your records.

1



EXHIBIT "L"

U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information & Privacy Staff
600 E Street, N.W., Suite 7300, Bicentennial Building
Washington, DC 20530-0001
(202) 252-6020   FAX: 252-6047   (www.usdoj.gov/usao)

---

Requester: <u>Richard Pitcher</u>     Request No.: <u> 11-4215 </u>

Subject: <u>Self (Original arrest warrant)/NYE</u>

DEC 1 3

        The Executive Office for United States Attorneys (EOUSA) has received your Freedom
of Information Act/Privacy Act (FOIA/PA) request. It has been assigned the above number.
<u>Please give us this number if you write about your request.</u>  If we need additional information, we
will contact you within two weeks.

        Your request will be placed in the order in which it was received for processing, unless it
is a very large request (Project Request). Then, it will be placed in a separate group of Project
Requests, which are also processed in the order received.

        EOUSA makes every effort to process most requests within a month (20 working days).
There are some exceptions; for example, Project Requests usually take approximately nine
months to process. Requests for "all information about myself in criminal case files" are usually
Project Requests.  If you have made such a request, you may either write us and narrow your
request for specific items, or you may expect that the processing of your request may take nine
months from the date of this letter.

        By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28
CFR § 16.3(c), unless you have requested a fee waiver.  Please note that pursuant to 28 CFR §
16.11, if you have not been granted a fee waiver, we are required to charge fees for time used to
search for the documents you have requested and for duplication of all pages released to you.
Normally, search time is charged at a rate of $28 per hour after the first two hours which are free,
and duplication fees are $0.10 per page after the first 100 pages which are free.  <u>Please do not
send any payment at this time!</u>  If we anticipate that fees will exceed $25 or the amount you have
stated in your letter (if greater than $25), we will normally notify you of our estimate of fees.
After we have received your agreement to pay for the expected fees (or you have narrowed your
request to reduce fees) and we have processed your request, we will require payment for the
accumulated charges before we release documents to you.  Without such payment, your request
file will be closed without further action.

                                Sincerely,

                                Susan B. Gerson
                                Acting Assistant Director

                                                        Form No. 001 - 4/11

June 15, 2012                    Richard Pitcher
                                 Reg. NO. 70585-053
                                 Federal Correctional Institution
                                 P.O. Box 2000
                                 Fort Dix, NJ 08640


Clerk of Court
Eastern District of New York
Theodore Roosevelt U.S. Courthouse
225 Cadman Plaza East, Room 1185
Brooklyn, NY 11201-1818


                          RE: Pitcher v. Ramos, D'Alessandro,
                                  Lynch, Reed, Morvillo,
                                  Marohn, Rizzo
                          Civil Action No._____


Dear Clerk:

       I have enclosed two (2) copies of my Civil Lawsuit Pursuant
To The Bivens Act.  Upon receipt of said document, please docket
the same, then distribute my Lawsuit to the appropriate parties.

       Your assistance and cooperation is very much appreciated.


                          Very truly yours,



                          Richard Pitcher, pro se