FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 17 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
RICHARD PITCHER,

                Plaintiff,

          -against-

MICHAEL JOSEPH RAMOS; STEVEN LEO
D'ALESSANDRO; LORETTA LYNCH;
JESSICA REED; E. SCOTT MORVILLO;
ROBERT MAROHN; ALFRED RIZZO;
ROSLYNN R. MAUSKOPF; and others
known and unknown,

                Defendants.
---------------------------------------------------------X

**MEMORANDUM AND ORDER**

**NOT FOR PRINT OR ELECTRONIC PUBLICATION**

12 CV 3335 (ARR)

ROSS, United States District Judge:

On July 2, 2012, Richard Pitcher, acting *pro se*, filed a complaint against various individuals who were involved in his prior criminal proceeding in this Court. Plaintiff has also filed recent motions in the criminal case, United States v. Adams, et al., No. 03-cr-1268-ARR. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted, but for the reasons that follow, the complaint is dismissed.

## BACKGROUND

Plaintiff was arrested on November 25, 2003, in the course of an ongoing law enforcement investigation involving a narcotics importation and distribution conspiracy. Agents of the United States Immigration and Customs Enforcement later testified that they had a warrant for his arrest. (See United States v. Adams, et al., No. 03-cr-1368, Report and Recommendations, slip op., at *2 (E.D.N.Y. May 13, 2005)(summarizing testimony at the May 6, 2005 suppression hearing). The agents did not have warrants to search Plaintiff's vehicle and residence. They testified that they asked and plaintiff granted permission to search both. (Id. at

3, n.4.)

The initial indictment named 25 co-conspirators. On May 31, 2005, trial commenced before this Court against plaintiff and three other defendants. On June 10, 2005, the jury reached a guilty verdict against all four co-defendants. The Court sentenced Plaintiff on April 12, 2006 to a term of 120 months imprisonment and 5 years supervised release. The United States Court of Appeals for the Second Circuit affirmed the judgment by mandate issued on July 31, 2009. Pitcher v. United States, 316 Fed.Appx. 60, cert. den'd, 130 S.Ct. 644 (2009). Plaintiff also filed a petition for a writ of habeas corpus challenging the judgment pursuant to 28 U.S.C. § 2255, in which he argued that he received ineffective assistance of counsel related to the pre-trial suppression hearing. The Court denied the petition on February 28, 2011. Pitcher v. United States, No. 10-CV-3454-ARR, 2011 WL 809648 (E.D.N.Y. February 28, 2011). Plaintiff appealed this decision to the Second Circuit, which denied plaintiff's application for a certificate of appealability and dismissed the appeal by mandate issued June 19, 2012. The instant complaint followed.

Plaintiff now argues that his initial arrest was unconstitutional because the arresting officers lacked probable cause for an arrest. He claims that he was arrested without a warrant. (Complaint at 6, 8, 10.) Plaintiff asserts that he has sought a copy of the original arrest warrant through multiple channels but has been unable to obtain a copy. (Id. at 11.) He thus concludes that no warrant existed. (Id.)

Plaintiff demands a new jury trial, or, in the alternative, compensatory, punitive, and nominal damages totaling $2 million for the years that he spent in custody. (Id. at 13.)

## DISCUSSION

In reviewing the complaint, the Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89,

2

94 (2007) (internal quotation marks and citations omitted); see also Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

However, 28 U.S.C. § 1915A requires this Court to review the complaint in a civil action in which a prisoner seeks redress from a governmental entity or from officers or employees thereof, and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim will be considered "plausible on its face" "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009).

Plaintiff alleges that his constitutional rights were violated by federal officials. Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), permits recovery for some constitutional violations by federal agents, even in the absence of a statute conferring such a right. Carlson v. Green, 446 U.S. 14, 18 (1980). Like actions brought against state officials pursuant to 42 U.S.C. § 1983 ("§ 1983"), a plaintiff's Bivens claims must be brought against the individuals personally responsible for the alleged deprivation of his constitutional rights, not against the federal government or the agencies where they are employed. Moreover, the doctrine of *respondeat superior* does not apply in Bivens actions, so a plaintiff must allege that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676 (2009). Thus, supervisory officials usually cannot be held liable for the constitutional violations of their subordinates. Id.

3

A federal prisoner wishing to challenge his conviction or sentence may do so through the appeals process and by filing a petition for a writ of a habeas corpus pursuant to 28 U.S.C. § 2255, but not through a civil rights action. In Heck v. Humphrey, 512 U.S. 477, 486 (1994), the Supreme Court held that

> civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments . . . . [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Heck, 512 U.S. at 486-87. Heck also applies to Bivens actions against federal officials. Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995) ("Given the similarity between suits under § 1983 and Bivens, we conclude that Heck should apply to Bivens actions as well.").

In this case, a decision in plaintiff's favor would render the conviction invalid. Yet he has not alleged that the conviction has been overturned or otherwise invalidated. Accordingly, his demands for a new trial and compensatory damages for his nine years of incarceration are precluded under Heck and must be dismissed.

Moreover, even if plaintiff's claims were not precluded under Heck, most of the defendants would be dismissed in any case. Prosecutors are entitled to absolute prosecutorial immunity for "performing prosecutorial activities that are 'intimately associated with the judicial phase of the criminal process,'" including the decision whether or not to commence or continue a prosecution. Ying Jing Gan v. City of New York, 996 F.2d 522, 530 (2d Cir. 1993) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)); see also Butz v. Economou, 438 U.S. 478, 516 (1978).

## CONCLUSION

4

Plaintiff's request to proceed *in forma pauperis* is granted, but the action is dismissed pursuant to 28 U.S.C. § 1915A(b). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                              S/Judge Ross

                                              ALLYNE R. ROSS
                                              United States District Judge

Dated: August 17, 2012
        Brooklyn, New York